UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14085-CIV-ROSENBERG/MAYNARD

TOWNHOUSE RESTAURANT OF OVIEDO, INC. AND
ESTERO BAY HOTEL CO.,

    Plaintiffs,

v.

NUCO2, LLC,

    Defendant.
_____/

## ORDER MEMORIALIZING HEARING

**THIS CAUSE** comes before this Court upon Plaintiffs' Motion to Compel Production of Wrongfully Withheld Documents and Proper Privilege Log (DE 85). In their Motion, Plaintiffs raise the following issues, which are addressed below in the order they appear in Plaintiffs' Motion: (A) NuCO2's Privilege Log Fails to Log Each Email in a Chain of Emails; (B) The "Settlement Negotiations" Privilege is Not Recognized; (C) NuCO2 Fails to Meet the Accountant-Client Privilege; (D) NuCO2 Wrongfully Asserts Privilege Over Mere Facts and Customer Files; (E) NuCO2's Application of the Attorney-Client Privilege to Documents Without Attorneys or Legal Staff on the Chain is Wrong; and (F) Fees and Costs Must be Awarded.  Having reviewed the Motion, Response, and having heard the parties' arguments on May 4, 2020, the Court rules as follows:

As to the email chain issue, the Court agrees with Plaintiffs that describing numerous emails on the privilege log as an "email thread" instead of describing each individual email is unhelpful.  More than half of Defendant's approximately 1,480 withheld documents include

multiple emails in a single "thread" or "string." Defendant's privilege log refers to these groups of emails as "email threads" and says only that "parts" of these "threads" include legal staff and are therefore privileged. The log does not specify how many emails are involved in each thread or how each of those emails is protected by the attorney client privilege. *See, e.g.,* Exh. G, NuCO2_Priv_293 at DE 85-7. Plaintiffs complain that Defendants should be required to individually log and identify each email in the thread so that Plaintiffs can determine whether each email meets the requisite showing of privilege.

The case law on how email threads should be logged varies. *Compare United States v. Davita, Inc.*, 301 F.R.D. 676, 684 (N.D. Ga. 2014) (requiring the defendants to disclose the details of each communication held in the email "string") *with In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2020 WL 1321522, at *2 (N.D. Fla. Mar. 20, 2020) (finding that the defendants did not have to itemize each email in a thread). To the undersigned's knowledge, no binding precedent exists on this issue in the Eleventh Circuit. This Court agrees with what appears to be the majority view that emails should be individually described in a privilege log even if they appear in a string of emails. *See BreathableBaby, LLC v. Crown Crafts, Inc.*, 2013 WL 3350594, at *11 (D. Minn. May 31, 2013); *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 4547190, at *1 (N.D. Cal. Oct. 10, 2008); *In re Vioxx Prod. Liab. Litig.*, 501 F. Supp. 2d 789, 812 (E.D. La. 2007). This makes sense because a string of emails consists of several individual communications that just happen to be physically linked as one document because of how, when and to whom they were sent or forwarded. Logging them collectively as a "email thread" does not accurately describe how many separate communications were involved, who received those communications and how they are privileged communications. That said, the discovery deadline

in this case is fast approaching and frankly, there is no more time to log each email individually. In addition, email threads often involve massive amounts of duplication as the same emails are often contained in the same thread as they are forwarded between and responded to by various custodians. Thus, as the court did in *Davita*, this Court will require that Defendant log each withheld email within a thread *at least once*. To the extent that an email has already been logged once in the privilege log, this Order does not require more. To the extent that an email has not been individually described in the log, however, Defendant must do so and produce a revised log to Plaintiffs by Friday, May 15, 2020.

In order to rule on Plaintiffs' other issues, the Court finds that an *in camera* review of a subset of documents is required. The parties have asked the Court to review approximately 300 of the 1,000+ withheld documents in contention on Defendant's privilege log(s) and which are compiled in Exhibit N to Plaintiffs' Motion at DE 85-14. The Court will therefore allow Plaintiffs and Defendant to select up to 150 documents each for this Court's review. Plaintiffs must submit their list of documents for *in camera* review to Defendant by Friday, May 8, 2020. Defendant must then produce the documents in Plaintiffs' list and 150 documents of its own selection to the Court for *in camera* review by Friday, May 15, 2020. Chambers will contact Defendant shortly to instruct on the appropriate format for providing the documents to the Court. Plaintiffs' request for fees and costs will be decided after this Court's *in camera* review. It is therefore,

**ORDERED AND ADJUDGED** that Plaintiffs will provide Defendant with a list of 150 documents to Defendant for the Court's review by May 8, 2020. It is further,

**ORDERED AND ADJUDGED** that Defendant will submit the 150 documents identified by Plaintiffs as well as 150 documents chosen by Defendant to the Court for *in camera* review by

May 15, 2020. It is further,

**ORDERED AND ADJUDGED** that Defendant shall log each email in every email thread that is listed in Defendant's privilege log(s) *at least once* and produce a log for these documents to Plaintiffs by May 15, 2020.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of May, 2020.

                                                 _____
                                                 SHANIEK M. MAYNARD
                                                 UNITED STATES MAGISTRATE JUDGE