UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14085-CIV-ROSENBERG/MAYNARD

TOWNHOUSE RESTAURANT OF OVIEDO, INC.
AND ESTERO BAY HOTEL CO.,

Plaintiffs,

v.

NUCO2, LLC,

Defendant.
_____/

### ORDER DENYING PLAINTIFFS' *ORE TENUS* MOTION TO COMPEL IN-PERSON DEPOSITIONS [DE 90] IN LIGHT OF COVID-19 PANDEMIC

**THIS CAUSE** comes before this Court upon Plaintiffs' *ore tenus* Motion to Compel In-Person Depositions [DE 90] made at the hearing on May 4, 2020. At the hearing, Plaintiffs moved to compel in-person depositions of several individuals who are currently scheduled for deposition next week. Plaintiffs' counsel said they had experienced difficulties with the remote deposition platform and expressed concern that their class certification motion would be prejudiced if they are prohibited from conducting in-person depositions given the anticipated adversarial nature of the upcoming depositions. Defendant opposed the motion, arguing that depositions should be done through videoconference in light of the Center for Disease Control and Prevention's recommendations about social distancing and advice against travelling outside of local areas due to COVID-19. Four of the deponents reside in different parts of Florida, and three live outside of the state. Plaintiffs' counsel proposed to conduct the depositions of the Florida residents in Palm Beach County.

1

In assessing Plaintiffs' request, the undersigned's foremost concern is the well-being of all stakeholders. This Court therefore denies Plaintiffs' *ore tenus* Motion to Compel In-Person Depositions for several reasons. First, Palm Beach County remains closed by order of the Governor of Florida due to the COVID-19 pandemic. Second, Defendant's counsel of record – Mr. Mallin – resides in Missouri and prefers not to travel out of state during this pandemic. Third, although Plaintiffs' counsel may be willing to travel from Birmingham, Alabama to conduct the depositions in other states, witnesses and other attorneys involved may still prefer to limit exposure to others, particularly those who have traveled across state lines, in light of the CDC's recommendations that people stay at home as much as possible, especially if the trip (or travel outside the local area) is not essential. The parties are also reminded that they may request a continuance from the district judge assigned to this case to conduct these depositions at a later date, but any such request must describe with specificity the nature of the obstacle and why the alternative of remote depositions does not suffice.

This Court appreciates the concerns expressed by Plaintiffs' counsel about the challenges he has experienced conducting remote depositions. In an effort to address these concerns, this Court orders that the following rules shall apply to each remote video conference deposition:

1. The applicable Federal Rules of Civil Procedure and S.D. Fla. Local Rules shall be followed at all times. This includes, but is not limited to, the prohibition on speaking objections and prohibited contact with a witness during the course of a deposition.

2. The court reporter for a deposition conducted via video conference may administer the oath or affirmation to the deponent remotely.

3. No other attendees other than the parties to the subject lawsuit, their representative counsel, and counsel for the witness, shall be allowed to participate in the video conference deposition without prior consent of all counsel. This includes appearing individually within the video conference platform and/or being present within the room where the attendee is viewing the video conference deposition.

4. The court reporter's transcript shall serve as the official record of the witness's testimony. Should circumstances arise which renders the court reporter's transcript unavailable, then a new transcript can be created by use of the video recording of the deposition.

5. Any deposition taken by means of video conference shall be conducted using Zoom, WebEx or a similar videoconferencing platform equipped with the ability to video record the deposition. The court reporter shall serve as the host of the video conference as provided by the videoconferencing platform.

6. As the host of the video conference, the court reporter shall video record the witness using the recording function of the videoconferencing platform. Alternatively, if a videographer is provided by the court reporting service, such videographer may control the recording function of the platform. The court reporter or videographer, as the case may be, shall also announce each time he/she has activated and deactivated the record function on the videoconferencing platform. In addition, any party may at its discretion arrange for an independent videographer to video record the deposition by means other than the video-recording function of the platform. The party hiring any such independent videographer is responsible for the costs of doing so and must make copies of the video recording available to all counsel at their expense.

7. The video recording of the deposition created by use of the recording function of the videoconferencing platform shall be deemed the equivalent of a video recording made by a videographer and shall be available for use in trial as though prepared by a videographer.

8. No participant in the deposition may utilize the "chat" function (or similar private communication function) of the video-conference platform, except to facilitate the sharing of documents during the deposition. In no event shall the "chat" function be used for any counsel to communicate directly with the witness.

9. At no time during the deposition shall any counsel text, message, email, or transmit any messages to the witness(es) in order to help respond to any and all questions.

10. Before the witness is sworn, all cellphones shall be placed in the silent mode. All parties and counsel will disable notifications on their devices to avoid disruption of the audio and video stream during the deposition.

11. The witness and all counsel or parties appearing on the record shall state their appearances clearly for the record, and they shall not disable their cameras during the deposition unless there is a break or unless they are necessarily appearing by telephone.

12. All documents or other exhibits, except those to be used for impeachment, shall be shared with all counsel no later than two (2) days prior to the deposition and said documents shall be bate-stamped, marked as exhibits, or both. No later than one (1) business day prior to the deposition all documents shall be provided to the court reporting service. Those documents or other exhibits used for impeachment must be shared with all participants

when introduced on the record via the share screen, or similar feature on the platform and attached as an exhibit to the deposition.

13. In the unlikely event that a witness cannot access the Zoom, WebEx or similar platform or if the connection is lost, the deposition may proceed via Zoom or WebEx and the witness participate telephonically.

Further, the parties are reminded that if difficulties arise during a remote deposition that cannot be resolved by the parties, counsel for either party may contact the undersigned magistrate judge's chambers by phone during the deposition for assistance in resolving the matter.

It is therefore, **ORDERED AND ADJUDGED** that the relief requested by Plaintiffs' *ore tenus* Motion is **DENIED**. Plaintiffs shall conduct the scheduled depositions through a remote platform to meet the deadline set by the district court. It is further,

**ORDERED AND ADJUDGED** that the parties and witnesses shall comply with the rules set forth above.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of May, 2020.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

4