UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  19-CV-14085-ROSENBERG/MAYNARD

TOWNHOUSE RESTAURANT OF
OVIDEO, INC., et al.,

    Plaintiffs,

v.

NuCO2, LLC,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on the Plaintiffs' Motion for Reconsideration [DE 122].  The Motion has been fully briefed.  For the reasons set forth below, the Motion is denied.

This is a case brought under the Florida Deceptive and Unfair Trade Practices Act.  Distilled down, it is the Plaintiffs' contention that the Defendant uses deceptive and unfair practices through its calculation of certain fees and charges which in turn stem from the transportation of carbonation for beverages.  The Plaintiffs moved to certify a nationwide FDUTPA class and the Court denied certification at docket entry 121.  The Plaintiffs moved for reconsideration of that denial—the matter before the Court.

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Adams v. Boeneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). "The purpose of a motion for reconsideration … is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Ass'n for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling

law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.*

The Plaintiffs rely upon the third ground for reconsideration, the need to correct clear error or prevent manifest injustice. Although the Plaintiffs raise several grounds to establish clear error, the Court concludes that only two warrant discussion. First, the Plaintiffs argue that the Court erred in failing to certify a Florida-only class in lieu of a nationwide class. Second, the Plaintiffs argue that the Court erred in how it analyzed the Plaintiffs' FDUTPA claims. Each ground is addressed in turn.

As to the Court's failure to certify a Florida-only class, the Plaintiffs never moved for the certification of a Florida class. The Plaintiffs did not request certification of a Florida-only class in either their initial Complaint or their Amended Complaint. After the Court granted the Plaintiffs additional discovery and a second opportunity at briefing class certification, they did not seek leave to further amend the Amended Complaint to propose a Florida-only class, nor did the Plaintiffs request certification of a Florida-only class in their renewed motion for class certification. *See* DE 107 at 12-13. Instead, the Plaintiffs first mentioned a Florida-only class in a footnote of their reply brief. *See* DE 113 at 4 n.3. Relief may not be requested, for the first time, in a reply brief, much less in a footnote of a reply brief. *E.g., Chiron Recovery Cntr., LLC v. United Healthcare Servs, Inc.*, 438 F. Supp. 3d 1346, 1351 (2020); Local Rule 7.1(c). After the Plaintiffs' failure to request a Florida-only class was raised in the Defendant's Response to the Plaintiffs' Motion for Reconsideration, the Plaintiffs' Reply was silent on the subject. The Court sees no basis to reconsider its prior Order as to relief that the Plaintiffs never properly requested.

2

As to how the Court analyzed the Plaintiffs' FDUTPA claims, this is the central issue in the Motion for Reconsideration. The Court denied the Plaintiffs' request for class certification for the following reasons:

> Under FDUTPA, Plaintiffs must show: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Deere Constr., LLC v. CEMEX Constr. Materials, Fla., LLC* (*Deere II*), No. 15-CV-24375, 2016 WL 8542540, at *2 (S.D. Fla. Dec. 1, 2016). "While proof of actual reliance is unnecessary, the first element of a FDUTPA claim is only satisfied by evaluating a reasonable consumer in the same circumstances as the plaintiff." 7 *Id.* at *3; *see also Egwuatu v. South Lubes, Inc.*, 976 So. 2d 50, 53 (Fla. 1st DCA 2008) ("The absence of the element of reliance . . . does not guarantee that a deceptive trade practice claim will be amenable to class litigation.").
>
> Asserting that FDUTPA's standard is purely "objective," (DE 107 at 9), Plaintiffs argue that commonality is established because the members of the putative classes were charged the same fuel and energy surcharges, respectively, and incurred price increases after receiving letters NuCO2 sent them, which allegedly falsely represented that its price increases were pass-through costs. NuCO2 contends, however, that FDUTPA has a hybrid standard that requires the defendant to engage in an act or practice that is likely to deceive a consumer acting reasonably *in the same circumstances*. (*Id.* at 25). Indeed, "[t]he modification of 'acting reasonably' by 'in the same circumstances' indicates a hybrid standard that may be *objectively established as to mindset but subjectively established as to context*." *In re Motions to Certify Classes Against Court Reporting Firms*, 715 F. Supp. 2d 1265, 1282 (S.D. Fla. 2010) (emphasis added); *see also Deere II*, 2015 WL 8542540, at *3. "[T]he subjective element—that the circumstances must be similar—necessitates inquiry in to the context of the alleged offense; that is, one can only asses reasonableness when the inquiry requires consideration of the factual circumstances that counsel a reasonable person to act in a particular way or hold a particular belief." *Court Reporting Firms*, 715 F. Supp. 2d at 1282.
>
> The Court agrees with NuCO2. FDUTPA requires the Court to consider the subjective circumstances surrounding the execution of the contract to determine whether "deception" occurred. In other words, when evaluating whether a consumer was likely to have been deceived, a consumer's mindset concerning its interaction with the defendant cannot be divorced from the context in which that individual consumer understands and views that interaction.

DE 121 at 14-15. Thus, the Court determined that the Plaintiffs' claims could not be considered in a vacuum. Unlike cases that involve an allegedly deceptive or unfair sign or advertisement, the interactions that the Plaintiffs had with the Defendant (through the Defendant's sales representatives)

3

were individualized and unique—each transaction warranted a separate analysis and therefore did not lend itself to class certification. The Court discussed a highly analogous case at length, *Pop's Pancakes*, which was another class-action FDUTPA case against the instant Defendant:

> Plaintiffs do not offer any pathway to common "answers" that will drive the resolution of this case on a classwide basis under FDUTPA. For that reason, this case is materially indistinguishable from *Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677 (S.D. Fla. 2008).
>
> The *Pop's Pancakes* plaintiffs brought a FDUTPA challenge to NuCO2's issuance of property tax invoices with an administrative processing fee. *Id.* at 679. They alleged that NuCO2 violated FDUTPA because NuCO2 "failed to disclose the fee, deceptively placed the fee on the invoice, misrepresented that the full amount of the property tax invoice was to be paid to a governmental agency as a 'pass-through fee,' and charged an unnecessary and excessive amount for the processing fee." *Id.* The plaintiffs listed a variety of supposedly common questions of law and fact, including issues like whether the invoice was deceptive, whether there was a profit component to the fee, and whether NuCO2 improperly represented that the fee was a pass-through charge. *Id.* at 682. NuCO2's evidence showed that its salespeople sat down with customers to explain the charges to them and that different customers were charged different fees based on "individual negotiations with the various customers, which can only be determined by reviewing the individual customer's agreement." *Id.* Furthermore, NuCO2 offered evidence that the purpose of the fee was to cover NuCO2's costs of processing and filing tax returns. *Id.*
>
> The *Pop's Pancakes* court held that the plaintiffs had not demonstrated commonality because they "fail[ed] to state a common cause of action for each class plaintiff for deceptive practices …, as the circumstances regarding the disclosure and assessment of the full administrative processing fee could vary greatly." *Id.* As the court explained, "it is not whether the class members received a property tax invoice that is the pertinent common element, but rather whether the invoice was deceptive to that particular plaintiff." *Id.* (emphasis added); *see also Marko v. Benjamin & Bros., LLC*, No. 17-CV-1725, 2018 WL 3650117, at *6 (M.D. Fla. May 11, 2018) ("The central common question . . . presents significant individual issues" requiring "inquiry into the disclosure made to each customer."); *Perisic*, 2018 WL 3391359, at *5 (claims were "hardly suitable for class treatment," where "the evidence shows that each proposed class member's sales experience was unique").

DE 121 at 16-17. Thus, the Court reasoned that class certification was improper in the instant case for the same reasons it was improper in *Pop's Pancakes*.

4

The Plaintiffs argue this Court erred by focusing on the Plaintiffs' allegations of a deceptive FDUTPA practice while ignoring the Plaintiffs' allegations of an unfair FDUTPA practice. The Plaintiffs argue that an unfair FDUTPA practice does not require any consideration of plaintiff-individualized circumstances and, as a result, there is no barrier to class certification. Both deceptive practices and unfair practices are prohibited by FDUTPA and both are encompassed in the first FDUTPA element.

It is true that the Court's discussion in its Order focused primarily on deceptive FDUTPA violations, but it is equally true that the Court cited authority that applied to *all* FDUTPA violations, not just deceptive violations. For example, the Court cited to *Deere v. CEMEX* for the proposition that *all* FDUTPA violations require consideration of the circumstances surrounding a commercial transaction, not just FDUTPA claims based upon deception. *Id.* at 14. Indeed, the Court cited to a plethora of authority for the proposition that an inquiry into a possible FDUTPA violation requires an analysis of "the circumstances,"[1] and such an inquiry (in the instant case) does not lend itself to class certification. In contrast, the Plaintiffs have provided no authority for the proposition that while a deceptive practice under FDUTPA may include a consideration of the circumstances surrounding a transaction, an unfair practice is analyzed in the abstract—in a vacuum—without any consideration of surrounding circumstances. Relatedly, while the Plaintiffs argue that this Court could certify a class for allegations of an "immoral" or "unethical" unfair practice,[2] the Plaintiffs have provided no citation to authority that holds that this Court could consider such concepts as immortality or ethics without *any* consideration of the individualized facts surrounding commercial transactions, let alone the more complex commercial transactions at issue in the instant case.

---

1 *Id.* at 14-18.
2 DE 127 at 3.

5

The Court does not believe that there is any ambiguity in its prior Order—the Court does not believe that its application of *Pop's Pancakes* left any room for doubt as to why the Plaintiffs' claims are not suited for class certification. However, to the extent clarification could be beneficial, the Court clarifies that its prior denial of the Plaintiffs' Motion for Class Certification applied to *all* FDUTPA violations, both deceptive-practice violations and unfair-practice violations.

Although the Plaintiffs raise other arguments in their Motion for Reconsideration, the Court does not deem any discussion of those arguments to be necessary. The Court summarily denies those requests for relief for the reasons set forth in the Defendant's Response which the Court adopts and incorporates in full.

The extraordinary remedy of reconsideration is not warranted. For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [DE 122] is **DENIED**. Because the Plaintiffs have represented to the Court that they intend to file an interlocutory appeal, the Plaintiffs are **ORDERED** to file a notice with the Court, within five business days of the date of rendition of this Order, informing the Court as to whether (i) the Plaintiffs still intend to file an appeal and (ii) if so, when the Plaintiffs intend to file a notice of appeal.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of January, 2021.

                                                ROBIN L. ROSENBERG
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record